UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 15-CR-260(PAM/TNL)(13)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | MOTIONS IN LIMINE |
| ) | OF DEFENDANT CRUZ (13) |
| CATARINO CRUZ, JR., ) | |
| ) | |
| Defendant. ) | |

Defendant, Catarino Cruz, Jr., by and through counsel Bruce D. Nestor of De León & Nestor, LLC, moves the Court *in limine* as follows:

1. Pursuant Federal Rules of Evidence 402 and 403, Defendant seeks to bar government attorneys and witnesses from any mention of a nickname for Defendant, including but not limited to, the nickname of "Mito." Discovery materials released by the Government do not indicate that any co-defendant or alleged co-conspirator knew or identified the Defendant by any nickname. Reference to any nickname of Defendant would not be relevant and would be prejudicial by suggesting to the jury that Defendant used aliases or nicknames associated with criminal activity.

2. On information and belief, the Defendant redacted from the Second Superseding Indictment is Guadalupe Garibay, who the Government may contend is the daughter of Defendant. Pursuant to Rules 402, 403, and 802, Defendant seeks to bar any reference to Ms. Garibay as being Defendant's

daughter. Disclosures by the Government appear to allege that Ms. Garibay worked with one group of persons to supply Defendant Garcia with controlled substances, while Mr. Cruz is alleged to have been alternate and separate supplier of controlled substances to Mr. Garcia. As such, the family relationship, if any, between Mr. Cruz and Ms. Garibay is not relevant. Any statement of such a relationship by a Government witness would also constitute hearsay.

3. Pursuant to Rules 403 and 802, and the Sixth Amendment to the Constitution of the United States, Defendant seeks to bar Government counsel and witnesses from making any reference to the existence of, or statements by, a "confidential source" who claims to have identified Mr. Cruz as a supplier of controlled substances to Mr. Garcia, including to controlled substances located at a Case Avenue address in St. Paul, MN. The Government's deadline to disclose information relating to the confidential source was June 20, 2016, and has passed without any such disclosures. Reference to any such statements by the confidential source, including to provide context for the Government's investigation, would be prejudicial, would constitute hearsay, and would violate the Defendant's right of confrontation under the Sixth Amendment.

4. Defendant seeks an order requiring the sequestration of any Government witnesses.

5. Defendant seeks to exclude testimony by law enforcement "experts" as to the meaning of certain words, the claim that common English words constitute "code" words for illegal activities, or other opinion testimony by law enforcement agents, on the grounds that it fails to satisfy the test for admissibility of expert testimony established in <u>Daubert v. Merrill Dow</u>, 509 U.S. 579 (1993).

Date: <u>June 28, 2016</u>     \_\_\_S/ BRUCE D. NESTOR_____
Bruce D. Nestor, MN #0318024
DE LEÓN & NESTOR, LLC
3547 Cedar Ave. South
Minneapolis, MN 55407
(612) 659-9019
(612) 436-3664 – Facsimile

ATTORNEY FOR CATARINO CRUZ JR.