UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 15-cr-260(13) (PAM/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Catarino Cruz, Jr., | |
| Defendant. | |

_____

This matter is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255. For the following reasons, the Motion is denied.

## BACKGROUND

In July 2016, a jury convicted Defendant Catarino Cruz, Jr., for his role in a large-scale conspiracy to distribute methamphetamine. (Docket No. 606.) The evidence at trial established that Cruz was one of the sources of methamphetamine for his co-Defendant Jesse Garcia. The Court ultimately sentenced Cruz to 250 months' imprisonment, a 42-month downward variance from the otherwise applicable sentencing guidelines range. (Docket No. 851.)

Cruz appealed, arguing that the Court's evidentiary rulings were incorrect and challenging the sufficiency of the evidence. He also asserted that the Court's guidelines calculations included methamphetamine for which he was not responsible. The Eighth Circuit Court of Appeals affirmed his conviction and sentence. United States v. Escobar, 909 F.3d 228 (8th Cir. 2018). Cruz did not seek certiorari in the United States Supreme Court, and his conviction therefore became final in April 2019.

Cruz filed the instant Motion to Vacate on August 24, 2020. The Motion argues that the jury used the wrong standard of proof to convict him and that his counsel was ineffective for failing to object to an alleged lack of evidence and to move for a judgment of acquittal. (Docket No. 1042.) The Government did not respond substantively to Cruz's Motion, instead moving to dismiss it as untimely. (Docket No. 1050.) In turn, Cruz moved to strike the Government's Motion, asking the Court to toll the statute of limitations and deem his § 2255 Motion timely filed. (Docket No. 1055.)

**DISCUSSION**

> A prisoner in custody under [federal] sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, not all claims of error in a conviction or sentence are cognizable in a § 2255 proceeding. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). The petitioner bears the burden to establish that his conviction or sentence violated either the Constitution or federal law. United States v. Hill, 215 F. Supp. 3d 823, 826 (D. Minn. 2016) (Kyle, J.).

Although § 2255 requires a Court to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled

to no relief," 28 U.S.C. § 2255(b), a "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted). Cruz's claims are contradicted by the record, and he is not entitled to relief on any of them. The Court therefore declines to hold an evidentiary hearing.

**A.    Timeliness**

A motion to vacate a federal conviction or sentence must be filed within one year of the judgment. 28 U.S.C. § 2255(f). That one-year period may be tolled "only if [the prisoner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

The Government argues, and Cruz does not dispute, that the one-year period under § 2255(f) expired on April 4, 2020. Cruz contends that the COVID-19 pandemic prevented him from fully presenting his claims until August, nearly five months later. But the pandemic did not manifest in this country until mid-March. Cruz does not explain why he was unable to research and present his claims in the eleven and one-half months before April 4, 2020. He has not established that he was pursuing his rights diligently and that equitable tolling is warranted.

### B. Ineffective Assistance of Counsel

Even if Cruz's claims were timely, however, they fail on the merits. His counsel filed a motion for judgment of acquittal and Cruz's contentions to the contrary are incorrect. See Escobar, 909 F.3d at 238 (noting that "Cruz moved for a judgment of acquittal"). Cruz also asserts that his counsel was ineffective for failing to challenge an alleged lack of evidence. But as the Eighth Circuit found, the evidence was sufficient to tie Cruz to the conspiracy and to convict him. Id. at 245-47. A claim for ineffective assistance of counsel requires Cruz to establish, among other things, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Because the evidence sufficiently demonstrated Cruz's role in the conspiracy, his counsel was not ineffective for his alleged failure to challenge that evidence.

### C. Standard of Proof

Finally, Cruz contends that the Court instructed the jury that it only need find Cruz guilty by a preponderance of the evidence. The jury instructions, however, correctly stated that the jury must find Cruz's guilt beyond a reasonable doubt. (Docket No. 607 at 12, 13.) The preponderance-of-the-evidence standard mentioned in the Eighth Circuit's decision on Cruz's appeal is not the standard of proof for Cruz's guilt, but rather the standard of proof necessary to establish the admissibility of a co-conspirator's hearsay statements. Escobar, 909 F.3d at 245-46. Cruz has not established any error in the admission of those statements or in the standard of proof the jury applied.

D.    **Certificate of Appealability**

Cruz may not appeal this Court's ruling on his Motion to Vacate without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). But such a certificate requires Cruz to make "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2); see also Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."). Cruz must establish that the issues he raises are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Cruz has not met this high standard, and no certificate of appealability will issue.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**

1. Defendant's Motion to Vacate (Docket No. 1041) is **DENIED**;

2. The Government's Motion to Dismiss (Docket No. 1050) is **GRANTED**; and

3. Defendant's Motion to Strike (Docket No. 1055) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 9, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge